UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLY A. & CLINTON D. BONE, | Case No. 2:13-mc-07492-EJL-CWD |
| Petitioners, | **REPORT AND RECOMMENDATION** |
| v. | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and LISA WOLFE, IRS Agent, | |
| Respondents. | |

## INTRODUCTION

This matter is before the Court pursuant to a petition filed on February 11, 2013, by Kimberly and Clinton Bone (Petitioners) to quash two IRS summonses served upon Petitioners' bank seeking their respective bank records. (Dkt. 1.) In turn, the IRS moved to dismiss the petition to quash, and to enforce the summonses. (Dkt. 3.) The parties have briefed the motion and it is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d).

**REPORT AND RECOMMENDATION - 1**

Petitioners have not rebutted the arguments of Respondents, and the Court therefore recommends that the motion be granted, while the petition to quash be denied.[1]

## BACKGROUND

On January 23, 2013, the IRS issued two summonses to Mountain West Bank, seeking bank records for Petitioners. IRS Agent Wolfe sent copies of the summonses to the Petitioners by certified mail, and the Bones received the copies on January 24, 2013. The summonses indicated Mountain West Bank had until February 22, 2013, within which to comply.

The IRS served the summonses as part of its examination to determine the tax liability of the Bones for the 2010 and 2011 tax years. During the investigation, the IRS informed the Bones on September 9, 2012, via IRS letters 2205, Publication 1, and Notice 609, that the IRS may be contacting third parties as part of the examination. These same letters were sent again on September 21, 2012.

Agent Wolfe avers that the information sought by the summonses may be relevant in determining the Bones' tax liability for 2010 and 2011, and that the IRS does not otherwise have in its possession the information requested by the summonses. Further, Agent Wolf stated that there has been no referral to the Department of Justice with respect to the tax liabilities of either Clinton or Kimberly Bone for the 2010 and 2011 tax years.

The Petitioners do not dispute the above facts.

---

[1] This matter was referred to the undersigned Magistrate Judge by District Judge Edward J. Lodge on February 12, 2013, for all matters. In a comprehensive discussion, the District Court for the Northern District of California in *Strong v. United States*, 57 F.Supp.2d 908 (N.D. Cal. 1999), held that a motion to quash an IRS summons is analogous to a dispositive motion, and required a report and recommendation under 28 U.S.C. § 636(b)(1)(B).

**REPORT AND RECOMMENDATION - 2**

# REPORT

**1.     Applicable Law**

26 U.S.C. § 7602(a) authorizes the IRS to issue an administrative summons for determining the liability of any person for any internal revenue tax. 26 U.S.C. § 7609 sets for the applicable procedures. Section 7609 provides that notice must be given to any person other than the person summoned who is identified in the summons within three days of the day on which such service is made. 26 U.S.C. § 7609(a)(1). Notice must include a copy of the summons, and may be served by certified or registered mail to the last known address of the person identified in the summons. 26 U.S.C. § 7609(a)(1), (2). The taxpayer may seek to quash the summons, and the IRS may alternatively seek to compel compliance. 26 U.S.C. § 7609(b)(2)(A).

When faced with a petition to quash and obtain enforcement of a summons, the Government must establish a prima facie case for enforcement under *United States v. Powell*, by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that the IRS does not already possess; and (4) satisfies all administrative steps required by the Internal Revenue Code. 379 U.S. 48, 57-58 (1964).

To establish a need for judicial enforcement, the showing must only be minimal. *United States v. Jose*, 131 F.3d 1325, 1327 (9th Cir. 1997). Assertions by affidavit of the investigating agent that the statute's requirements are satisfied are sufficient to make the prima facie case. *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). The burden of establishing an abuse of the court's process is on the taxpayer,

**REPORT AND RECOMMENDATION - 3**

*Powell*, 379 U.S. at 58, who must come forward with more than bald assertions and establish specific facts supporting bad faith or an improper purpose. *Jose*, 131 F.3d at 1328.

### 2. The Government Has Established the *Powell* Factors

IRS Agent Wolfe's affidavit establishes the *Powell* factors. She avers that the IRS is conducting an examination to determine the tax liability for the Bones for 2010 and 2011, and that the summonses were issued for the purpose of making those determinations. The bank records may be relevant to establish the Petitioners' income and tax liability for 2010 and 2011. Wolfe states that the IRS is not in possession of the information requested, and that she complied with the administrative steps required by the Code for issuance of the summons. The Petitioners do not refute these arguments or facts with any opposition, save one.

The Petitioners argue that the Government did not establish compliance with Section 7602(c)(1),[2] which requires as follows:

> The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

The Petitioners contend that this provision was not followed, and therefore the Government cannot meet the *Powell* factors. Petitioners contend that they were not given notice of any and all persons contacted by the IRS as required.

---

[2] In their petition, Petitioners contend the Government failed to comply with section 7602(c)(1). However, in their response, Petitioners concede the Government complied with 7602(c)(1). (Response at 2, Dkt. 7.)

**REPORT AND RECOMMENDATION - 4**

In response, the Government argues that there is no support for Petitioners' argument that 26 U.S.C. § 7602(c)(2) constitutes a required administrative step for the issuance of a summons. Further, the Government contends that Petitioners have not presented any evidence that the IRS contacted any parties other than the Bank. And finally, Agent Wolf provided a supplemental affidavit that Mountain West Bank is the only third party whom the IRS has contacted during the course of its examination.

The requirements for the issuance of an administrative summons are set forth in 26 U.S.C. § 7609, which require notice and an opportunity to be heard, as well as the requirements of *Powell*. The Petitioners have not set forth any legal requirement that notice of other contacts is required before the IRS may issue a summons. And, the Petitioners' mere assertion that the IRS did not comply with section 7609 is insufficient to defeat the sworn statements of Agent Wolfe that no third parties other than Mountain West Bank have been contacted during the course of the IRS examination. Petitioners were provided notice via a letter and IRS publications that contained notifications that the Government may contact third parties, and that Petitioner was provided notice of the summonses to the Bank. *See Jordan v. United States*, 2011 WL 4712247, *3 (S.D. Ohio 2011) ("As petitioner has presented no contradictory evidence [regarding third-party contacts], his second notice claim [under § 7602(c)] must also fail.")

The Court therefore concludes that the Government has established the *Powell* factors and Petitioners have not met their burden of establishing non-

**REPORT AND RECOMMENDATION - 5**

compliance. Further, the Government has affirmatively demonstrated compliance with the *Powell* criteria.

### 3. Petitioners' Other Arguments Fail

Petitioners assert several arguments in their petition without further support. The Court will address them in turn.

First, Petitioners contend they were not given the requisite 20 days' notice prior to the date set to turn over the records as required by 26 U.S.C. § 7609(a)(1). However, 7609(a)(1) requires that the taxpayer, or other individual identified in the summons, must be given notice within three days of the day on which service of the summons was made. The unrefuted evidence establishes that the summonses were served on January 23, 2013, and the Petitioners received a copy via certified mail on January 24, 2013. Petitioners' claim of inadequate notice fails.

Second, Petitioners contend that a referral for criminal prosecution to the Department of Justice was pending prior to the summonses being issued, in violation of Section 7602(d)(2)(A). The Petitioners have not presented any evidence of this fact, and it is directly refuted by Agent Wolfe's affidavit. This claim fails, too.

Third, Petitioners contend that the Government did not meet the good faith requirement in *Powell*. Petitioners did not provide any support for this allegation, and did not contest the Government's arguments as discussed above.

Fourth, Petitioners contend that the "privacy laws" of both the United States and the Idaho Constitution have been violated. Petitioners have not identified the particular privacy laws upon which they rely. And, the United States Supreme Court has held that

**REPORT AND RECOMMENDATION - 6**

"privacy concerns related to third-party summons in tax liability cases are ameliorated by the procedural and notice requirements of 26 U.S.C. § 7609." *Jordan v. U.S.*, 2011 WL 7412247 (S.D. Ohio Sept. 12, 2011) (citing *Tiffany Fine Arts, Inc. v. U.S.*, 469 U.S. 310, 316 (1985)). Because there is no legal basis upon which the Court can find support for Petitioner's claim that the summonses violate federal and state privacy laws, this claim must fail.

And finally, Petitioners assert that the summonses violate Petitioners' Constitutional rights under the 4th and 14th Amendments to the United States Constitution. This claim, too, is faulty. "The summons provision of Title 26 has repeatedly sustained constitutional attacks based on the First, Fourth, and Fifth Amendments to the Constitution." *Spine v. U.S.*, 670 F. Supp. 217, 221 (S.D. Ohio 1987) (citations omitted). There is no legitimate expectation of privacy in the contents of records voluntarily conveyed to a third party. *Katz v. U.S.*, 389 U.S. 347 (1967). This principle applies to records held by third-party record-keepers. *See U.S. v. Miller*, 425 U.S. 435, 441–43 (1976); *Harris v. U.S.*, 758 F.2d 456, 457 (9th Cir.1985). Nor have Petitioners identified what conduct or process of the government violated the 14th Amendment. Consequently, Petitioners' final basis for quashing the summons is meritless.

**REPORT AND RECOMMENDATION - 7**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Respondents' Motion to Dismiss Petition to Quash IRS Summons (Dkt. 3) be **GRANTED**.

2) Petitioners' Petition to Quash IRS Third Party Summons (Dkt. 1) be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **August 12, 2013**

Honorable Candy W. Dale
United States Magistrate Judge